UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUEVANO, | No. 2:22-cv-0091 KJN P |
| Plaintiff, | |
| v. | ORDER |
| ANTHONY JENKINS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court

each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Other Applicable Standards

### The Civil Rights Act

To prevail on a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  There is no respondeat superior liability under § 1983.  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); see Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondeat superior liability under § 1983).  In other words, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  See Iqbal, 556 U.S. at 679.  Defendants can be sued only for injuries caused by their own actions and omissions, not the actions of those they supervise.  Taylor, 880 F.2d at 1045 (a supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations).  As to any cause of action, plaintiff must provide facts that show what each individual did or did not do that caused the deprivation of his rights. Johnson, 588 F.2d at 743.

Plaintiff's Complaint

Plaintiff alleges the following.  On March 16, 2021, while housed at Mule Creek State Prison, Sacramento, defendants Jenkins, Janam, and Bickle, all correctional officers, allegedly used unnecessary and excessive force on plaintiff.  Defendant Parker arrived on the yard after plaintiff, who was laying on the ground, regained consciousness.  Two officers who arrived with

3

Parker took over from Officers Jenkins, Janam, and Bickle.  Subsequently, plaintiff received a rules violation report ("RVR') charging plaintiff with threatening great bodily injury or death resulting in a use of force based on Jenkins' claim that Officer Jenkins reported plaintiff told Jenkins plaintiff would kill him, which plaintiff denies.  The RVR also claimed plaintiff was "attempting to incite other inmates in the medication line," which plaintiff also denied.  (ECF No. 1 at 12.)

Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights.

Plaintiff seeks money damages, and asks that defendants Jenkins, Janam, and Bickle be fired.  (ECF No. 1 at 7.)

Discussion

Eighth Amendment Claims

The court reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable claims against defendants Jenkins, Janam, and Bickle for the alleged Eighth Amendment violations.  See 28 U.S.C. § 1915A.

Remaining Defendants

The court finds that the complaint does not state a cognizable claim against defendant J. Griffin or defendant S. Parker.  There are no charging allegations as to defendant Griffin.  As to defendant Parker, plaintiff alleges no facts demonstrating Parker's culpability.  Defendant Parker arrived on scene after plaintiff defendants Jenkins, Janam and Bickle used force on plaintiff.  The claims against defendants Griffin and Parker are dismissed with leave to amend.

Verbal Harassment

Plaintiff also claims that defendants Jenkins has continued to harass plaintiff.  (ECF No. 1 at 13.)  Plaintiff does not allege that defendant Jenkins has retaliated against plaintiff since the March 16, 2021 incident.

Mere verbal harassment or abuse does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  Even verbal threats, without more, do not rise to the level of a constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Therefore, plaintiff's claims

concerning harassment fail to state a cognizable civil rights claim.

Plaintiff's Options

Plaintiff may proceed forthwith to serve defendants Jenkins, Janam and Bickle and pursue his claims against only those defendants or plaintiff may delay serving any defendant and attempt to state a cognizable claim against the remaining defendants.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the remaining defendants, he has thirty days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Jenkins, Janam and Bickle, against whom he stated a potentially cognizable claim for relief, then within thirty days he must complete and return the notice of election form, advising of such election. In this event the court will construe plaintiff's election as consent to dismissal of all claims against the remaining defendants without prejudice.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed.

5

R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp., 550 U.S. at 555).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Iqbal, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants J. Griffin and S. Parker are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state potentially cognizable Eighth Amendment claims against defendants Jenkins, Janam and Bickle. See 28 U.S.C. § 1915A. If plaintiff elects to proceed forthwith as to such defendants, the court will issue an order to the U.S. Marshal to execute service of process pursuant to Fed. R. Civ. P. 4. Defendants Jenkins, Janam and Bickle will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants J. Griffin and S. Parker without prejudice.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: June 3, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/luev0091.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUEVANO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. JENKINS, et al.,<br><br>　　　　　Defendants. | No.  2:22-cv-0091 KJN P<br><br><br>NOTICE OF ELECTION |

　　　　Plaintiff elects the following in response to the court's June 2022 order:

　　　　_____ Plaintiff chooses to proceed solely as to his Eighth Amendment claims against defendants Jenkins, Janam and Bickle.

　　　　_____ Plaintiff consents to the dismissal of defendants J. Griffin and S. Parker without prejudice.

　　　　OR

　　　　_____ Plaintiff opts to file an amended complaint and delay service of process.

DATED:

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff