UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUEVANO,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY JENKINS, et al.,<br><br>    Defendants. | No. 2:22-cv-0091 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.

<u>Defendants' Motion to Opt Out</u>

Defendants seek leave to opt out of the post-screening ADR project based on their discussion with plaintiff, review of the case and his settlement demand, and contend plaintiff failed to exhaust administrative remedies prior to suit. In response, plaintiff filed a request for appointment of counsel, claiming he would like to have a settlement conference and would accept the sum of $50,000.00. Having reviewed defendants' motion and plaintiff's response, the Court finds that the request to opt out is supported by good cause. The June 27, 2023 settlement conference was previously vacated by Magistrate Judge Claire. (ECF No. 36.) Good cause appearing, defendant's motion to opt out of the ADR project is granted.

////

1

Plaintiff's Motion for Counsel

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Plaintiff's motion is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that

1. Defendants' motion to opt out (ECF No. 38) is granted;

2. The ADR stay of this action is lifted;

3. Within thirty days from the date of this order, defendants shall file the motion for summary judgment on administrative exhaustion grounds or shall otherwise respond to the complaint; and

4. Plaintiff's motion for the appointment of counsel (ECF No. 39) is denied without prejudice.

Dated: August 3, 2023

/luev0091.opt.31

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE